IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-09-CR-660-FM |
| | § | |
| PETER VICTOR AYIKA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the court considered Defendant Peter Victor Ayika's ("Defendant") "Motion to Dismiss Indictment on Jurisdictional Grounds, Pending Appeal Pursuant to Rule 12(b)(3)(B) Fed.R.Crim.P." ("Motion to Dismiss the Indictment") [ECF No. 444], filed October 18, 2013; Defendant's "Motion for Summary Disposition" [ECF No. 446], filed February 24, 2014; Defendant's "Motion for Summary Disposition" ("Renewed Motion for Summary Disposition") [ECF No. 450], filed February 26, 2014; Plaintiff United States of America's ("Government") "Government's Response to Defendant's Motion for Summary Disposition and to Defendant's Motion to Dismiss Indictment" ("Response") [ECF No. 451], filed March 6, 2014; and Defendant's "Motion in Response to Government Opposition to Motion to Dismiss Indictment and Motion for Summary Disposition" ("Reply") [ECF No. 453], filed March 18, 2014.[1]

The court does not construe Defendant's Motion for Summary Disposition, Renewed Motion for Summary Disposition, or Reply as post-conviction motions, pursuant to Title 28 U.S.C. § 2255.

---

[1] It is evident that Defendant intends his "Motion in Response to Government Opposition to Motion to Dismiss Indictment and Motion for Summary Disposition" to serve as a reply; therefore, the court will interpret it as such. Accordingly, Defendant failed to comply with Local Rule CV-7(f)(2) and (3). Without requesting leave of the court, Defendant filed his Reply more than 7 days after the Government submitted its Response, and Defendant exceeded the 5 page limit by filing a 21 page document, excluding exhibits. Notwithstanding, to the extent Defendant rebuts the Government's arguments, the court will address his claims.

## I.     BACKGROUND

### A.     *Procedural History*

On April 20, 2011, the Government issued a Second Superseding Indictment [ECF No. 228] against Defendant for which Defendant was ultimately convicted.  Count One charged Defendant with Possession with Intent to Distribute Hydrocodone by a Practitioner, pursuant to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).[2]  Count Two charged Defendant with Distribution of a Listed Chemical with Knowledge, or Reason to Know, of its Wrongful Intended Use, a violation of Title 21, United States Code, Section 841(c)(2).[3]

A jury found Defendant guilty as to both counts on October 19, 2011.[4]  Defendant filed a notice of appeal requesting the Fifth Circuit Court of Appeals to vacate his conviction on November 2, 2012.[5]  On April 4, 2012, the Fifth Circuit dismissed this appeal for lack of jurisdiction.[6]  Defendant filed a second notice of appeal seeking to vacate his conviction on May 15, 2012.[7]  On June 12, 2012, this court sentenced Defendant to terms of imprisonment of sixty (60) months as to Count One and one-hundred seventy (170) months as to Count Two to run concurrently.[8]

---

[2] Second Superceding Indictment at 1.

[3] *Id.* at 2.

[4] Jury Verdict [ECF No. 307], filed Oct. 19, 2011.

[5] Notice of Appeal [ECF No. 315], filed Nov. 2012.

[6] Judgment Dismissing Appeal for Lack of Jurisdiction [ECF No. 365], filed Apr. 4, 2012.

[7] Notice of Appeal [ECF No. 371], filed May 15, 2012.

[8] J. at 2 [ECF No. 376], entered June 12, 2012.

Additionally, this court imposed terms of supervised release of two (2) years as to Count One and three (3) years as to Count Two, to be served concurrently.[9]

The Fifth Circuit affirmed Defendant's conviction and sentence,[10] and issued its mandate on October 17, 2013.[11]  Defendant filed his Motion to Dismiss the Indictment on October 18, 2013.  On November 19, 2013, Defendant filed a petition for writ of certiorari with the Supreme Court, in Cause Number 13-8070.[12]  Defendant then filed a "Motion for Reconsideration to Stay Mandate Pending Petition for Certiorari in the Supreme Court of the United States" on December 2, 2013.[13]  On December 20, 2013, the Fifth Circuit denied Defendant's motion to stay the mandate pending petition for writ of certiorari.[14]  The Supreme Court denied Defendant's petition on February 24, 2014.[15]

Defendant filed his Motion for Summary Disposition on February 24, 2014, and his Renewed Motion for Summary Disposition on February 26, 2014.  The Government filed a response on March 6, 2014, to which Defendant replied on March 18, 2014.

    B.    *Parties' Arguments*

Defendant's Motion to Dismiss the Indictment seeks the dismissal of the Second Superseding Indictment because: (1) the Second Superseding Indictment charged Defendant under 21 U.S.C. §

---

[9] *Id.* at 3.

[10] Op. Affirming Conviction [ECF No. 00512412506], *U.S. v. Ayika*, No. 11-51078 (5th Cir. Oct. 17, 2013).

[11] Mandate [ECF No. 00512413221], *U.S. v. Ayika*, No. 11-51078 (5th Cir. Oct. 17, 2013).

[12] [ECF No. 00512487426], *U.S. v. Ayika*, No. 11-51078 (5th Cir. Nov. 19, 2013).

[13] [ECF No. 00512463082], *U.S. v. Ayika*, No. 11-51078 (5th Cir. Dec. 2, 2013).

[14] [ECF No. 00512479467], *U.S. v. Ayika*, No. 11-51078 (5th Cir. Dec. 20, 2013).

[15] [ECF No. 00512542551], *U.S. v. Ayika*, No. 11-51078 (5th Cir. Feb. 24, 2014).

841, which contains an exception for an authorized person to issue medications; (2) Defendant meets the criteria for the exception, because at the time of the offense, he was a duly licensed and registered pharmacist; and (3) 21 U.S.C. § 822(b) lawfully authorized Defendant to issue medications, and therefore, Defendant did not violate 21 U.S.C. § 841, thus depriving this court of jurisdiction.[16]

Defendant's Motion for Summary Disposition reiterates his earlier arguments, but also contends: (1) the Government concedes that Defendant's arguments in the Motion to Dismiss the Indictment are "genuine and satisfied," because it did not file a response to the Motion to Dismiss the Indictment;[17] and (2) the Second Superseding Indictment should have been dismissed, because he was a duly licensed and registered pharmacist at the time he committed the offense, and under the circumstances, he fell within the exception of the statute under which he was charged.[18]  It is immediately apparent that Defendant's Renewed Motion for Summary Disposition simply mirrors his Motion for Summary Disposition, as it has no additional arguments.

The Government counters this court does not have jurisdiction to consider Defendant's claims.[19]  Specifically, the Government contends that Defendant did not file his motions in a timely fashion before this court, and these same issues have already been addressed in his direct appeal.[20] Defendant's Reply repeats and expands on his earlier arguments.[21]  He claims that inasmuch as the

---

[16] Def.'s Mot. to Dismiss the Indictment at 4–16.

[17] Def.'s Mot. for Summ. Disposition at 1.

[18] *Id.* at 2–5.

[19] Gov't's Resp. at 4.

[20] *Id.* at 4–6.

[21] *See* Def.'s Reply at 1–6 [ECF No. 453], filed Mar. 18, 2014.

Fifth Circuit Court of Appeals did not take action on his Motion to Dismiss the Indictment, it is pending before this court.[22] Defendant further argues he did not raise the jurisdictional defect issues in either his Brief, or his Reply Brief, before the Fifth Circuit.[23] Defendant also construes his argument as a jurisdictional defect for lack of subject matter jurisdiction, which can never be waived according to *United States v. Cotton*.[24] The court will not address arguments asserted for the first time in Defendant's Reply, which were not raised in previous motions before this court.[25]

## II. APPLICABLE LAW

### A. *Timeliness of a Motion Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)*

Federal Rule of Criminal Procedure 12(b)(3)(B) ("Rule 12(b)(3)(B)") requires a motion alleging a defect in the indictment or information to be made before trial.[26] Notwithstanding, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to

---

[22] *See* Def.'s Reply at 3, Ex. 1 [ECF No. 453-1] (offering letter by Clerk Lyle W. Cayce of the Fifth Circuit Court of Appeals stating the appellate court is not taking action on his Motion to Dismiss the Indictment).

[23] Def.'s Reply at 5.

[24] *Id.* at 5; *but see U.S. v. Cotton*, 535 U.S. 625, 630 (2002) (rejecting Defendant's argument, because more recent jurisprudence has "confirm[ed] that defects in an indictment do not deprive a court of its power to adjudicate a case.").

[25] *See e.g.*, Def.'s Reply at 9 (construing the phrase, "outside the scope of professional practice and not for legitimate medical purpose," as provided in Defendant's Second Superceding Indictment, to be an essential element of the crime charged, and arguing the indictment was fatally flawed, because the text of 21 U.S.C. § 841(a)(1) does not explicitly state said phrase); *but see* Def.'s Appellant Reply Br. at 7 (repeating the same argument before the Fifth Circuit, which was ultimately denied); *see also Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived."); *Home Builders Ass'n of Nw. La. v. Martin*, No. 09-CV-1679, 2010 WL 5109987, at *1 (W.D. La. Dec. 8, 2010) ("When arguments are raised for the first time in a reply, it invites supplemental briefing and unduly complicates the litigation . . . . The court will . . . deem the issue waived so as to discourage the practice."); *TCGC IP Holdings, LLC v. Graves Golf Acad.*, No. 310-CV-0055-L, 2010 WL 2671302, at *3 n. 1 (N.D. Tex. July 1, 2010) (explaining the rationale behind a court's decision not to consider new arguments raised in a movant's reply is that it deprives the non-movant of an opportunity to respond); *accord In re Enron Corp. Sec.*, 465 F. Supp. 687, 691 (S.D. Tex. 2006); *Pa. Gen. Ins. Co. v. Story*, No. 3:03-CV-0330-F, 2003 WL 21435511, at *1 (N.D. Tex. June 10, 2003); *Lacher v. W.*, 147 F.Supp. 2d 538, 540 (N.D. Tex. 2001).

[26] Fed. R. Crim. P. 12(b)(3)(B).

state an offense at any time while the case is pending.[27] The Fifth Circuit has not clarified the precise point at which a case is no longer pending; however, several courts have held that, after a conviction and sentence, a district court lacks jurisdiction to consider a motion alleging an indictment fails to state an offense.[28]

Additionally, the Supreme Court has held that jurisdiction between federal district and appeals courts shall not be shared simultaneously.[29] "The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[30] Accordingly, a district court does not reacquire jurisdiction until the court of appeals has issued its mandate, following the disposition of petitions for rehearing or for Supreme Court review.[31]

---

[27] *Id.*

[28] *See U.S. v. Sturman*, No. 13-3672, 2014 WL 24028, at *1 (3d Cir. Jan. 2, 2014) (per curiam) (unpublished) (citing *U.S. v. Elso*, 571 F.3d 1163, at 1166 (11th Cir. 2009) (per curiam) (promulgating that "[a] case is no longer pending for purposes of Rule 12(b)(3)(B) after a mandate is issued on direct appeal."); *U.S. v. Jones*, 510 Fed. App'x 772 (10th Cir. Feb. 13, 2013) (unpublished) (affirming district court's dismissal of motions under Rule 12(b)(3)(B), as the case was no longer pending after judgment and affirmed on appeal); *Barreto-Barreto v. U.S.*, 551 F.3d 95, 100 (1st Cir. 2008) (internal citation omitted) ("After a final judgment has been entered, and no direct appeal has been filed, a case is no longer pending and Rule 12(b)(3)(B) cannot be invoked to challenge jurisdiction."); *U.S. v. Wolff*, 241 F.3d 1055, 1056 (8th Cir. 2001) (determining the case was not pending after judgment was entered and defendant did not file a direct appeal); *U.S. v. Moore*, No. 1:98-CR-66, 2010 WL 1424400, at *3 (E.D.Tex. Mar. 19, 2010) (internal citation omitted) ("After a final judgment has been entered, and no direct appeal has been filed, a case is no longer pending and Rule 12(b)(3)(B) cannot be invoked to challenge jurisdiction."); *U.S. v. Francis*, No. Crim. 99-20028-09, 2006 WL 3328035, at *2 (W.D. Tex. Nov. 15, 2006) (internal citation omitted) (denying petitioner's motion under Rule 12(b)(3)(B), as "petitioner's conviction and sentence became final years ago when affirmed by the Fifth Circuit and review in the United States Supreme Court was denied.").

[29] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

[30] *Id.*

[31] *U.S. v. Cook*, 592 F.2d 877, 880 (5th Cir. 1979); *but see U.S. v. Cronan*, 937 F.2d 163, 164 (5th Cir. 1991) (recognizing that "a premature notice of appeal following a criminal jury verdict but prior to sentencing and entry of the judgment of conviction is effective to perfect an appeal as of the date the sentence is entered as a judgment.").

  B.  *Effect of the Finality of a Judgment on the Disposition of Issue*s

If the appellant seeks judicial review, a conviction becomes final when the Supreme Court denies a petition for certiorari.[32]  "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'"[33]  Therefore, a movant who has already brought a particular claim before an appellate tribunal is barred from reasserting the same claim at the lower court level once the appeals court has addressed and affirmed it.

## III.  DISCUSSION

  A.  *Timeliness of Defendant's Motion to Dismiss the Indictment, Motion for Summary Disposition, and Renewed Motion for Summary Disposition Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)*

Defendant filed his earliest Motion to Dismiss the Indictment on October 18, 2013 — more than sixteen months after the court sentenced Defendant for his conviction.[34]  Defendant subsequently filed his Motion for Summary Disposition on February 24, 2014, his Renewed Motion for Summary Disposition on February 26, 2014, and Reply on March 18, 2014.  The gravamen of each motion is a claim for relief pursuant to Rule 12(b)(3)(B).  As explained above, a motion alleging a defect in the indictment must be made while the case is *pending*.  This case was no longer pending after the trial resulted in a judgment and a sentence.  Indeed, when Defendant filed his initial Motion to Dismiss the Indictment, he had already submitted a "Petition for Rehearing"[35] and

---

[32] *U.S. v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000).

[33] *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citing *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).

[34] *See* J. at 1 (indicating Defendant's sentence was imposed on June 12, 2012).

[35] "Petition for Rehearing" [ECF No. 00512423224], filed Oct. 29, 2013.

"Motion for Stay of Mandate"[36] to the Fifth Circuit. Accordingly, the Motion to Dismiss the Indictment was untimely.

Moreover, the Fifth Circuit affirmed Defendant's conviction and sentence the day *before* he filed his Motion to Dismiss the Indictment.[37] It is clear that the court no longer had jurisdiction to consider this issue as the Fifth Circuit had already ruled, which rendered it unambiguous that Defendant's case was no longer pending in district court.

> B.   *Effect of the Supreme Court's Denial of Defendant's Petition for Certiorari and the Fifth Circuit's Affirmance*

Even if this court had jurisdiction to consider Defendant's Motion to Dismiss the Indictment, Motion for Summary Disposition, Renewed Motion for Summary Disposition, and Reply, the issues contained therein have already been affirmed on appeal. The Fifth Circuit affirmed the court's judgment and sentence of Defendant. In fact, the issues in support of each of Defendant's motions were already addressed by the Fifth Circuit, as Defendant made the same arguments in his appellate briefs.[38] Indeed, the Government addressed the instant issues in its appellate response.[39] Moreover, Defendant's conviction became final upon the Supreme Court's denial of his writ for certiorari.[40]

---

[36] "Motion for Stay of Mandate" [ECF No. 00512439988], filed Nov. 8, 2013.

[37] *See* Op. Affirming Conviction & Fifth Circuit Mandate (indicating the Fifth Circuit entered its decision on October 17, 2013).

[38] *See* Def.'s Appellant Br. at 12, 18, 30 [ECF No. 00512136103], *U.S. v. Ayika*, No. 11-1078 (5th Cir. Feb. 5, 2013) (arguing Defendant was improperly charged under 21 U.S.C. § 841, rather than 21 U.S.C. § 842, because he was a licensed pharmacist authorized to possess and distribute listed chemicals, and thus immune from prosecution); *accord* Def.'s Appellant Reply Br. at 4–6, 9–10 [ECF No. 005122369910], *U.S. v. Ayika*, No. 11-1078 (5th Cir. May 9, 2013).

[39] *See* Gov't's Appellee Resp. Br. at 15–17.

[40] *See Thomas*, 203 F.3d at 355.

Therefore, Defendant is precluded from re-urging his claims in this court, as they were addressed on appeal and denied.

## IV.     CONCLUSION

After due consideration of the facts and applicable law, the court **DENIES** Defendant Peter Victor Ayika's "Motion to Dismiss Indictment on Jurisdictional Grounds, Pending Appeal Pursuant to Rule 12(b)(3)(B) Fed.R.Crim.P." [ECF No. 444]; Defendant's "Motion for Summary Disposition" [ECF No. 446]; and Defendant's "Motion for Summary Disposition" [ECF No. 450], filed February 26, 2012.

**SO ORDERED.**

**SIGNED** this **25th** day of **March, 2014**.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**